■ RICHARD D. ATKINS et al., Appellants, v JACOB J. PIAZZA, M.D., et al., Defendants, and ROBERT BERKE, M.D., Respondent. (Appeal No. 1.) [730 NYS2d 918] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Chautauqua County, Fallon, J.—Summary Judgment.) Present— Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

■ RICHARD D. ATKINS et al., Respondents, v JACOB J. PIAZZA, M.D., et al., Defendants, and ROBERT BERKE, M.D., Appellant. (Appeal No. 2.) [730 NYS2d 923] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Fallon, J. (Appeal from Order of Supreme Court, Chautauqua County, Fallon, J.—Renewal.) Present— Pine, J. P., Wisner, Hurlbutt, Kehoe and Gorski, JJ.

■ VICTOR S. NAHREBESKI, Appellant, v MICHAEL A. MOLNAR et al., Respondents. [730 NYS2d 646] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of plaintiff's motion pursuant to CPLR 3211 (b) seeking dismissal of each defendant's affirmative defense of contributory negligence. Plaintiff failed to support his motion "with an affidavit by one with personal knowledge of the facts or other evidentiary proof" (*Arriaga v Laub Co.*, 233 AD2d 244). The vehicle accident report and police reports submitted by plaintiff constitute inadmissible hearsay and thus fail to establish the manner in which the accident occurred (*see, Aetna Cas. & Sur. Co. v Island Transp. Corp.*, 233 AD2d 157, 157-158). The court also properly denied that part of plaintiff's motion pursuant to CPLR 3211 (b) seeking dismissal of each defendant's affirmative defense of failure to wear a seat belt. Although plaintiff met his initial burden by challenging the factual basis for that affirmative defense, defendants submitted evidence raising an issue of fact whether plaintiff was properly wearing the seat belt at the time of the accident. "If there is any doubt as to the availability of a defense, it should not be dismissed" (*Warwick v Cruz*, 270 AD2d 255). Plaintiff's CPLR 3211 (b) motion was directed only at those two affirmative defenses. Thus, contrary to the further contention of plaintiff, the court did not err in failing to dismiss each defendant's affirmative defense based on CPLR article 16.

Finally, we conclude that the court did not abuse its discretion in granting the cross motion of defendants Michael A. Molnar and Leaseway Dedicated Logistics seeking leave to amend their answer to assert the emergency doctrine defense (*see*, CPLR 3025 [b]). "Leave to amend a pleading should be